IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HILDA L. SOLIS, Secretary of     )
Labor, United States Department  )
of Labor,                        )
                                 )
                Plaintiff,       )
                                 )
        v.                       )       1:11CV379
                                 )
MARTY HICKMAN, JOE CLAY PARKER,  )
AVERY HAIRSTON, EMBRENCHE, LLC,  )
and EMBRENCHE, LLC 401(K) PROFIT )
SHARING PLAN,                    )
                                 )
                Defendants.      )
```

**MEMORANDUM OPINION AND ORDER**

This matter comes before the undersigned United States Magistrate Judge on Defendant Joe Clay Parker's Motion to Set Aside Default and Reopen (Docket Entry 14). (See Docket Entry dated Jan. 18, 2012; see also Docket Entry dated May 12, 2011 (referring case to Amended Standing Order 30).) For the reasons that follow, the instant Motion will be granted.[1]

Background

Plaintiff's Complaint arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

---

[1] The entry of default (and thus the decision to set aside or to leave in effect such an entry) constitutes a pretrial matter that does not dispose of any claim or defense; as a result, courts have treated motions of this sort as subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). See, e.g., Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002); L & M Cos., Inc. v. Biggers III Produce, Inc., No. 3:08CV309-RJC-DCK, 2010 WL 1439411, at *8 & n.3 (W.D.N.C. Apr. 9, 2010) (unpublished). Under these circumstances, the undersigned Magistrate Judge will enter an order rather than a recommendation.

(See Docket Entry 1 at 1.) It alleges that Embrenche, LLC ("Embrenche") is the sponsor and administrator of the Embrenche, LLC 401(k) Profit Sharing Plan (the "Plan"), an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3) (see id., ¶¶ 3, 7). The Complaint further asserts that Defendants Joe Clay Parker ("Parker"), Avery Hairston ("Hairston"), and Marty Hickman ("Hickman") either are or have been a trustee, administrator, and named fiduciary of the Plan (see id., ¶¶ 4, 5, 6). According to the Complaint, Embrenche ceased operations and thereafter effectively abandoned the Plan resulting in harm to the Plan participants and violations of ERISA. (See id., ¶¶ 10-12.)

The Complaint in this action was filed on May 11, 2011. (See Docket Entry 1.) The record shows that, on June 20, 2011, Defendant Parker executed a Waiver of Service of Summons, which was filed with this Court on July 12, 2011. (Docket Entry 4.) On October 5, 2011, Plaintiff filed a Motion for Entry of Clerk's Default (Docket Entry 5) as to Defendant Parker on the basis that he had "failed to plead or otherwise defend as provided by court rules" (id. at 1). The Clerk entered such a default on October 11, 2011. (Docket Entry 6.) Thereafter, on October 18, 2011, Defendant Parker, through counsel, belatedly filed an Answer to Plaintiff's Complaint. (Docket Entry 7.) On December 12, 2011, Defendant Parker filed the instant Motion to Set Aside Default and Reopen. (Docket Entry 14.) Plaintiff has not responded to the

instant Motion.  (See Docket Entries dated Dec. 12, 2011, to present.)

## Discussion

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested.  See M.D.N.C. R. 7.3(k).  Plaintiff has not provided any explanation for her failure to respond and the record lacks any sign of a reason to depart from the standard set by Local Rule 7.3(k).  Furthermore, the United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Prep. Acad., Inc. v. Hoover, Universal Inc., 616 F.3d 413, 417 (4th Cir. 2010).  Accordingly, the Court should follow its normal rule and grant Defendant Parker's instant Motion.

In addition, an analysis under the standard set forth in the Federal Rules of Civil Procedure, as construed by the Fourth Circuit, leads to the same conclusion.  The Federal Rules of Civil Procedure provide that "[t]he court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).  The Fourth Circuit has identified the factors relevant to this determination as follows:

> When deciding whether to set aside an entry of default, a district court should consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5]

> whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). The Court must liberally construe Rule 55(c) "to provide relief from the onerous consequences of defaults and default judgments[,]" Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (internal quotation marks omitted), in light of the preference for merits-based dispositions, see Colleton Prep. Acad., 616 F.3d at 417.

With respect to the first factor, given the early stages of the instant proceeding, the record lacks sufficient information for the Court to weigh the meritoriousness of Defendant Parker's defenses. The only filings addressing the substance of Plaintiff's claims are the Complaint (Docket Entry 1) and Defendant Parker's belated Answer (Docket Entry 7), which consists of little more than a page of primarily single-word or single-sentence responses. On these facts, this factor does not support either the granting or denial of Defendant Parker's instant Motion.

Second, Defendant Parker took reasonably prompt action seeking to set aside the default. Defendant Parker filed the instant Motion to set Aside Default and Reopen seven months after the filing of the Complaint and roughly two months after the Clerk entered the default. (See Docket Entries 1, 6, 14.) Recognizing that "[w]hether a party has taken 'reasonably prompt' action . . . must be gauged on the facts and circumstances of each occasion," United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982), the

-4-

undersigned notes that other courts addressing this issue have found similar delays reasonable. See, e.g., Lolatchy, 816 F.2d at 952-54 (permitting case to proceed on the merits although moving party delayed ten months after court entered default before filing its motion to set aside default); Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding that reasonable promptness factor weighed in favor of setting aside default where moving party did not respond for more than two months after clerk entered default). Furthermore, in the instant case, Defendant Parker filed his belated Answer to the Complaint a mere 7 days after the entry of default, thereby promptly demonstrating a desire to participate in the action once the ramifications of his inaction came into focus. (See Docket Entry 7.) On these facts, the second factor favors setting aside the entry of default.

Third, the responsibility for the entry of default rests solely with Defendant Parker. According to his instant Motion, Defendant Parker had cooperated with the United States Department of Labor on this matter since 2010 and "thought because of his cooperation the government would not seek a judgment against him." (Docket Entry 14 at 1.) Mr. Parker therefore did not take any action with respect to the Complaint and did not seek the advice of an attorney until October 17, 2011. (Id.) Accordingly, no blame for Defendant Parker's failure to participate in this action falls

-5-

upon his counsel or, in fact, any other individual involved. This factor thus weighs against setting aside the entry of default.

Fourth, Plaintiff can show no prejudice. The record reflects that Plaintiff failed to serve any Defendant but Defendant Parker within 120 days of filing the Complaint as required by Federal Rule of Civil Procedure 4(m). (See Docket Entry 8; see also Docket Entry 2, ¶ 2.) After Plaintiff filed a motion for extension of time to serve the remaining Defendants (Docket Entry 9), the Court (per the undersigned Magistrate Judge) granted Plaintiff until December 26, 2011, to effect service of process on Hickman, Hairston, Embrenche and the Plan (Docket Entry 12).[2] As the case has failed to proceed due to the lack of service on other Defendants, Plaintiff cannot demonstrate any prejudice and this factor thus favors Defendant's instant Motion.

Fifth, there is no evidence that Defendant Parker has engaged in any other dilatory litigation conduct. (See Docket Entries dated May 11, 2011, to present.) This factor, therefore, supports setting aside the entry of default.

Sixth, "[n]either party has suggested alternative sanctions, but the Court [can] certainly consider any suggestions that are brought before it, such as a motion for reimbursement of Plaintiff's costs associated with [Plaintiff's initial default]. Therefore, this factor counsels in favor of setting aside default."

---

[2] Defendants Hairston, Embrenche and the Plan apparently still have not been served. (See Docket Entries dated Nov. 9, 2011, to present.)

Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., No. 2:10CV516, 2011 WL 2748685, at *15 (E.D. Va. July 13, 2011) (unpublished) (internal citation omitted).

In summation, as factors two, four, five and six weigh in favor of setting aside the entry of default, factor three weighs against, and factor one appears neutral, the balance of the factors supports issuance of an order setting aside the entry of default.

## Conclusion

The Court's general rule provides that, where, as here, the opposing party fails to respond to a motion, the Court should grant the relief requested. Moreover, an analysis under the pertinent standard warrants setting aside the entry of default as to Defendant Parker (Docket Entry 6).

**IT IS THEREFORE ORDERED** that Defendant Parker's Motion to Set Aside Default and Reopen (Docket Entry 14) is **GRANTED**.

 /s/ L. Patrick Auld
 **L. Patrick Auld**
 **United States Magistrate Judge**
January 30, 2012